IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-00265-03-CR-W-DGK |
| | ) | |
| DAVON R. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant Davon R. Williams' Motion to Sever. (Doc. 158) For the reasons set forth below, Defendant Williams' motion is denied.

### I. BACKGROUND

A Superseding Indictment was returned on October 31, 2022, naming Defendant for the first time and joining six co-defendants across forty-seven counts in the present case.[1] (Doc. 47) Defendant was charged with twelve of those counts, including: conspiracy to distribute or possess or attempt to possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), (b)(1)(B), (b)(1)(C), (b)(1)(D), and 846; possession with the intent to distribute controlled substances, in violation 21 U.S.C. §§ 841(a), (b)(1)(A), (b)(1)(C), and (b)(1)(D); possession of firearms in furtherance of drug trafficking offenses, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A) and (B)(i); felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and possession of an unregistered firearm, in

---

[1] Defendant was detained on March 31, 2022, on a Complaint filed in case number 4:22-00028-JAM-01. (Doc. 12) On April 28, 2022, an Indictment was returned in that case charging Defendant with eleven separate felony counts. *See* 4:22-CR-00103-DGK. (Doc. 15) On November 21, 2022, the Indictment in case number 4:22-CR-00103-DGK (Doc. 33) was dismissed.

1

violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.  (Doc. 47)  At the time the Grand Jury returned the Superseding Indictment, the case was set on the February 2023 trial docket.  (Doc. 72)  On December 19, 2022, Jonathan Bailey was appointed to replace previous counsel for Defendant.  (Doc. 84)  On January 20, 2023, the Court granted an unopposed motion for continuance filed by a co-defendant (Doc. 97), and the trial was moved to the October 2023 trial docket.  (Doc. 106)

On May 31, 2023, the Grand Jury issued a Second Superseding Indictment, introducing three additional co-defendants and adjusting the charges by removing one count against Defendant.  (Doc. 122)  The Second Superseding Indictment now contains eleven counts against Defendant, for which Defendant was arraigned on June 12, 2023.  (Doc. 129)  On September 19, 2023, a co-defendant filed a motion to continue the trial setting, noting Defendant Williams objected.  (Doc. 152)  On September 21, 2023, Defendant filed the present motion to sever, which included his opposition to the continuance motion.  (Doc. 158)  Over Defendant's objection, the Court granted the requested continuance and set the case on the April 2024 trial docket.  (Doc. 159)  On October 20, 2023, the Government filed its response to Defendant's motion to sever.  (Doc. 165)  Defendant filed a reply on November 3, 2023, and seeks therein a setting on the February 2024 docket.  (Doc. 168)

## II.  PARTIES' ARGUMENTS

Defendant contends severance is necessary to safeguard his speedy trial rights.  (Doc. 158)  Stating that he has been awaiting trial on nearly identical charges since Spring of 2022 in the now-dismissed case, Defendant asserts his readiness to proceed to trial on the offenses outlined in the Second Superseding Indictment.  (Doc. 158)  Furthermore, Defendant argues that the

joinder of his case with that of co-defendants is contributing to a violation of his right to a speedy trial under the Speedy Trial Act and the Sixth Amendment. (Doc. 168) He maintains that if tried separately from co-defendants who require additional time for discovery, there would be minimal overlap in the evidence presented at the two trials. (Doc. 158).

The Government argues the Court should deny Defendant's motion for severance citing preference in the law for the consolidation of defendants in indictments and trials. (Doc. 165) It further clarifies that the Speedy Trial Act aligns the speedy trial timelines of properly joined defendants, alleviating concerns that speedy trial rights might hinder the Government's ability to consolidate cases. (Doc. 165) The Government further asserts that the offenses and defendants are properly joined in the Second Superseding Indictment, and Defendant cannot demonstrate the "severe or compelling" prejudice necessary to warrant severance in stating that he is ready for trial and does not need additional time to prepare. (Doc. 165) The Government maintains that this Court should deny Defendant's motion for severance. (Doc. 165)

### III. DISCUSSION

"Whether to grant a motion to sever is left to the discretion of the trial court." *United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010) (internal citation and quotation marks omitted). The Eighth Circuit has held that "[w]hen a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8. If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14." *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995).

"The objective of both rules is to balance the prejudice inherent in joint trials against interests in judicial economy." *United States v. Jones*, 880 F.2d 55, 60 (8th Cir. 1989). Joint

trials "give[] the jury the best perspective on all of the evidence and therefore increase the likelihood of a just outcome." *United States v. Henley*, 766 F.3d 893, 915 (8th Cir. 2014) (internal citation omitted). Joint trials also "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *United States. v. Lane,* 474 U.S. 438, 449 (1986).

### A. Joinder

As Defendant asserts joinder of his case with that of co-defendants is contributing to a violation of his right to a speedy trial, the Court must analyze the properness of joinder. The issue of joinder will be analyzed under Rule 8(b) because the Second Superseding Indictment joins multiple defendants and offenses. *Jones*, 880 F.2d at 60-61. Under Rule 8(b), multiple defendants are properly joined if they are alleged to be part of "the same series of acts or transactions, constituting an offense or offenses." *Id*. Generally, the "same series of acts or transactions" means "acts or transactions that are pursuant to a common plan or common scheme." *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998) (quoting *Jones*, 880 F.2d at 61).

Courts determine whether joinder is proper from the face of the indictment, accepting as true the factual allegations in the indictment. *United States v. Reichel*, 911 F.3d 910, 915 (8th Cir. 2018). The Eighth Circuit has held that "when the indictment invites joint proof ... prima facie validity of joinder is shown." *United States v. Rimell*, 21 F.3d 281, 289 (8th Cir. 1994) (internal citations and quotation marks omitted). Rule 8(b) "is to be liberally construed in favor of joinder." *Jones*, 880 F.2d at 62 (internal citations and quotation marks omitted). In general, "'persons charged in a conspiracy or jointly indicted on similar evidence from the same or related

events should be tried together.'" *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009) (internal quotation marks omitted). "[I]t will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." *United States v. Sherman*, 81 F.4th 800, 806 (8th Cir. 2023).

Defendant's assertion of improper joinder—that it is precipitating a violation of his right to a speedy trial—does not meet the requisite standard. Rule 8(b) permits the joinder of defendants in a single indictment where it is alleged, as it is here (*See* Doc. 122, p. 7), that the defendants participated in the same series of criminal acts or transactions constituting the offenses charged. *United States v. Donnell*, 596 F.3d 913, 922–23 (8th Cir. 2010). Defendants charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried jointly. *Id.* Joinder is proper even though certain conspirators only engaged in a limited number of acts of the conspiracy. *Id.* Once the government establishes the existence of a drug conspiracy, only slight evidence linking the defendant to the conspiracy is required to prove the defendant's involvement and support the conviction. *United States v. Jenkins*, 78 F.3d 1283, 1287 (8th Cir. 1996).

While the Government generally outlines evidence it anticipates using to support the Defendant's role in the conspiracy, the Court's review is limited to the face of the Second Superseding Indictment. Here, Count One charges that between January 1, 2020, and October 25, 2022, Defendant Williams was engaged in a drug distribution conspiracy with numerous co-defendants and others. (Doc. 122) Count Thirty-One against Defendant Williams—the possession of firearms in furtherance of a drug trafficking crime dated March 26, 2022—and Count Thirty-Two—the FIP charge dated March 26, 2022—are alleged to have occurred within

5

the specified timeframe of the conspiracy outlined in Count One.² *Donnell*, 596 F.3d at 913. Further, a firearm is a recognized tool of the trade for drug dealers. *Id.* Counts Twenty-Three, Twenty-Four, Twenty-Five, Twenty-Six, Twenty-Seven, Twenty-Eight, Twenty-Nine and Thirty against Defendant Willliams—which pertain to the possession with intent to distribute controlled substances charges—also transpired within the specified timeframe of the conspiracy outlined in Count One, and distribution amounts of controlled substances are routinely found on those involved in drug crimes. *See, e.g.*, *United States v. Payton,* 636 F.3d 1027, 1042 (8th Cir. 2011); *United States v. McDaniel*, 838 F.3d 955, 957 (8th Cir. 2016).³ Moreover, because Counts Two through Fifty-One of the Second Superseding Indictment are substantive offenses charging acts in furtherance of the conspiracy, the indictment necessarily involves joint proof. *See Rimell*, 21 F.3d at 289. Consequently, defendants are properly joined under Rule 8(b). *See United States v. Grey Bear*, 863 F.2d 572, 584 (8th Cir. 1988).

In arguing there would not be significant evidentiary overlap if he were tried separately, Defendant states that the counts with which he is charged, other than the conspiracy, originate from two vehicle chases and crashes where Defendant is alleged to have been driving and to have been found with controlled substance and firearms, and no co-defendants appear to have been involved. "[I]t is unnecessary that each defendant be named in each count." *See Rimell*, 21 F.3d at 288. Moreover, Defendant seeks severance from co-defendants, not severance of counts

---

²Other co-defendants also confront analogous possession of firearms in furtherance of drug trafficking and FIP charges, all of which stem from events falling within the timespan of the alleged conspiracy: Defendant Dicks, Counts Thirty-Five and Thirty-Six, November 9, 2021; Defendant Anderson, Counts Thirty-Eight and Thirty-Nine, February 8, 2021; Defendant Hazel, Counts Forty-Four and Forty-Five, August 25, 2021; and Defendant Downs, Counts Forty-Nine and Fifty, March 28, 2021, and Fifty-One, October 28, 2022. (Doc. 122)

³Indeed, numerous co-defendants confront similar possession with intent to distribute charges, all which stem from events falling within the timeframe of the alleged conspiracy. *See, e.g.*, Counts 3-5, 8, 10-14, 11-12, 17-21, 33-34, 37, 40-43 and 47-48.

and the duplication of evidence would still occur given the conspiracy allegations. Defendant's argument is unavailing.

For all these reasons, the Court finds that joinder of Defendant with his co-defendants is proper under Fed. R. Crim. P. 8(b).

### B. Severance

Once the Rule 8 requirements for joinder are met by the allegations in the indictment, the issue of severance is governed by Rule 14. Rule 14(a) provides that

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

"The risk of prejudice will vary with the facts in each case… ." *Zafiro v. United Sates*, 506 U.S. 534, 539 (1993). There is a strong presumption against severing properly joined cases. *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005) (citing *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996)).

For this Court to permit severance under Rule 14, Defendant must "affirmatively demonstrate that [a] joint trial [would prejudice] his right to a fair trial" by establishing that he will suffer "real prejudice." *Payton*, 636 F.3d at 1037. The prejudice must be "real" and "clear". *Id*. A defendant may satisfy the "real prejudice" standard by showing, *inter alia*, that his defenses are "irreconcilable with the defense[s] of his codefendant[s] or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants." *Id.; see also United States v. Hively*, 437 F.3d 752, 764 (8th Cir. 2006) (explaining that [p]rejudice can be demonstrated by showing that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants because of a "prejudicial spillover effect."). The defendant carries a heavy burden of

7

showing that severance is mandated. *United States v. Young*, 753 F.3d 757, 777 (8th Cir. 2014). A defendant is decidedly "not entitled to severance merely because [he] may have a better chance of acquittal in separate trials." *Zafiro*, 506 U.S. at 540.

Ultimately, "it will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002). Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. *Sandstrom*, 594 F.3d at 644–45. The risk of prejudice will vary with the facts in each case, and when the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice. *Id*.

Here, Defendant Williams argues that that joinder with his co-defendants for a trial in April 2024 violates his speedy trial rights. (Doc. 158) It is well settled that, barring special circumstances, defendants who are indicted together should be tried together. *Zafiro,* 506 U.S. at 537. This presumption is only negated by "a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. at 539. Defendant does not argue that a jury will be prevented from reliably judging his guilt or innocence. *See id*. Rather, Defendant takes issue with the fact that a continuance will subject him to an additional period of pretrial detention. (Doc. 158) Detention itself does not warrant severance. *Zafiro*, 506 U.S. at 539.

Moreover, Defendant's primary protection against the alleged prejudice is the Speedy Trial Act, which requires trial to commence within seventy days of the arraignment of the last co-defendant. 18 U.S.C. § 3161. However, any period of delay based on a court finding "that the

8

ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" is excluded from the seventy-day timeline. 18 U.S.C. § 3161(h)(7)(A). In granting a continuance in its Order on September 22, 2023, the Court explicitly found "that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial." (Doc. 159) Defendant's argument has thus already been considered and ruled on by the Court.

Defendant also argues that his speedy trial rights under the Sixth Amendment have been violated because he was originally indicted via Superseding Indictment on October 31, 2022, and he is still detained awaiting trial, having been detained in the now-dismissed criminal matter since March 31, 2022. (Docs. 158, 168) The Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial." U.S. Const. amend. VI. The trial of a criminal defendant shall commence within seventy days from the filing date of the indictment or from the date of the defendant's appearance, whichever is later. 18 U.S.C. § 3161(c)(1). "[W]hen a newly indicted or arraigned defendant is joined with a defendant whose speedy trial clock has already started running, the latter defendant's speedy trial clock will be reset so that it reflects the speedy trial clock of the newly added codefendant." *United States v. Lightfoot,* 483 F.3d 876, 885–86 (8th Cir. 2007). Delay caused by pretrial motions is excluded from the calculation of this time frame, as are continuances granted by the court in order to best serve the ends of justice. 18 U.S.C. §§ 3161(h)(1)(F), (h)(8)(A); *see also United States v. Shepard,* 462 F.3d 847, 863 (8th Cir. 2006).

Although Defendant was originally indicted in this case in October of 2022, in May of 2023, the Government filed a Second Superseding Indictment that charged ten defendants, some

9

of whom had not previously been charged. (Doc. 122) The defendants made their initial appearances in June and September of 2023 on the Second Superseding Indictment. Defendant's speedy trial clock was thus reset in late September of this year, when the last of the newly indicted co-defendants appeared. Moreover, a co-defendant, joined by other defendants, requested a continuance during the pretrial period, which was filed on September 19, 2023. (Doc. 152) The Court granted the motion, and trial was set for the April 2024 docket. In its written order, the Court explained the reasons that the continuance served the ends of justice. (Doc. 159) Given the joinder of new co-defendants and findings in the continuance motion, Defendant's Speedy Trial Act rights were not violated because his speedy trial clock was reset in late September 2023 and the time from the first motion for a continuance to trial is excluded from the speedy trial calculation.

"It would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *United States v. Titlbach,* 339 F.3d 692, 699 (8th Cir. 2003). "The Sixth Amendment right attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Shepard*, 462 F.3d 847, 864 (8th Cir. 2006) (quoting *United States v. Perez–Perez,* 337 F.3d 990, 992 (8th Cir. 2003)) (internal quotations omitted). The Court considers the following four factors when evaluating a Sixth Amendment claim for pretrial delay: (1) length of delay; (2) reason for the delay; (3) defendant's assertion of his speedy trial right; and (4) prejudice to the defendant. *Id.* A delay approaching one year may meet the presumption of prejudicial delay and require the application of the other factors. *Id.* As the length of time between the Superseding Indictment in October of 2022 in this case and the current trial setting of April 2024 is seventeen months, and Defendant has been

10

Case 4:21-cr-00265-DGK   Document 172   Filed 12/14/23   Page 10 of 12

detained since March 31, 2022, in the now-dismissed case, the Court will assess the remaining factors in evaluating Defendant's Sixth Amendment claim. *See id; United States v. Sims*, 847 F.3d 630, 634 (8th Cir. 2017) (stating that "twenty-two and a half months. ... stretches beyond the 'bare minimum' needed to trigger judicial examination of the remaining factors"). As in *Shephard*—a delay approaching one year—and *Sims*—a delay over twenty-two and a half months—is long enough to warrant examination under the factors. *See id.*

In analyzing the above factors, the Court finds the current delay is the result of justifiable circumstances. *See United States v. Grady*, No. 19-00315-20-CR-W-DGK, 2021 WL 3439410, at *4 (W.D. Mo. July 1, 2021), *report and recommendation adopted*, No. 4:19-CR-00315-DGK-20, 2021 WL 3423550 (W.D. Mo. Aug. 5, 2021) (finding a length of delay of 20 months from the original indictment with a current trial setting 27 months after the original Indictment, although presumptively prejudicial, was not unreasonable given the size and complexity of the case). As stated above, the trial date was continued to April of 2024 over Defendant's objection because a number of new defendants were joined, and several defendants asked for a continuance. Defendant seeks a setting on the February 2024 docket, just two dockets prior to the current setting. (Doc. 168) Although the delay may have caused Defendant to remain in custody longer, there is no indication that the passage of time has impaired his defense, or otherwise prejudiced him. *See*, *e.g.*, *United States v. Summage*, 575 F.3d 864, 875-76 (8th Cir. 2009) (finding delay of two years acceptable given the reasons for delay); *United States v. Jenkins-Watts*, 574 F.3d 950, 966–67 (8th Cir. 2009) (finding delay of 18 months reasonable where it resulted from codefendants being joined, among other factors); *United States v. Aldaco*, 477 F.3d 1008, 1018-20 (8th Cir. 2007) (uncommonly long delay of almost four years acceptable given the

11

reasons for delay were attributable to the defendant); *Shepard*, 462 F.3d at 864 (finding delay of 17 months reasonable due to the large number of motions filed by co-defendants). Thus, although there has been a delay and Defendant has asserted his right to a speedy trial, Defendant's constitutional rights have not been violated. *See id*.

For these reasons, Defendant Williams' argument that he should be severed from his co-defendants due to an alleged violation of his speedy trial rights fails under both the Speedy Trial Act and the Sixth Amendment. Defendant Williams has not demonstrated that he will suffer real prejudice from a joint trial and, as such, the Court finds that separate trials of Defendant and his co-defendants are not warranted under Rule 14.

## IV. CONCLUSION

For the reasons set forth above, it is

**ORDERED** that Defendant Williams' Motion to Sever (Doc. 158) is denied.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE