IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cr-00265-DGK-3 |
| ) | |
| DAVON R. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

### ORDER ON MOTIONS IN LIMINE

Now before the Court are the Government's (1) motions in limine, ECF Nos. 250, 321, 322, 327; and (2) motion for leave to call a witness in installments, ECF No. 325. Defendant has not responded and the time to do so has passed. The Court rules as follows.

**I.      The Government's motions in limine are granted.**

First, the Government intends to offer evidence pursuant to Federal Rule of Evidence 404(b) related to Defendant's prior felony convictions for possession with intent to distribute methamphetamine and possession with intent to distribute marijuana. ECF No. 250. The Government states it seeks to use this evidence to prove Defendant's intent, knowledge, and lack of mistake in possessing controlled substances in this case. Here, Defendant's intent is still at issue since he has pled not guilty, the convictions are not too remote in time from the charged crime, the certified convictions qualify as sufficient evidence, and any prejudice is not substantially outweighed by the value of this evidence. *See United States v. Nyah*, 35 F.4th 1100, 1108 (8th Cir. 2022); *see also United States v. Cooper*, 990 F.3d 576, 584 (8th Cir. 2021) ("Because Cooper pled not guilty, his intent was at issue; thus, evidence of his prior drug transactions was relevant

to his intent for both the distribution and conspiracy charges."). Accordingly, the Government's motion in limine is GRANTED.[1]

Second, the Government seeks to preclude Defendant from offering evidence related to the criminal history of a witness. ECF No. 321. The Government contends the criminal conviction is not admissible pursuant to Rule 609(a) because it was not punishable by a term of imprisonment exceeding one year and did not concern dishonesty or a false statement. The Court agrees that Rule 609(a) does not apply under these circumstances. *See Ford v. United States*, No. 4:15-CV-04152-KES, 2016 WL 11201798, at *11 (D.S.D. Aug. 18, 2016) (holding that a DUI is not a crime of dishonesty or a false statement). Accordingly, the Government's motion in limine is GRANTED. Neither Defendant, nor standby counsel, may introduce evidence related to Mustafa Ali's criminal history.

Third, the Government seeks to prohibit Defendant from: (1) making any sovereign citizen ideology arguments; (2) referencing or invoking provisions of the Uniform Commercial Code, admiralty or maritime law, or any other inapplicable laws; and (3) introducing any evidence that relates solely to this theory. ECF No. 322. The Government contends these arguments should be excluded under Rules 401 and 403 because they are frivolous and would only confuse and mislead the jury. The Eighth Circuit has repeatedly rejected arguments raised by sovereign citizens as frivolous and without merit. *See, e.g.*, *United States v. Willis*, 101 F.4th 577, 583 (8th Cir. 2024) (citing *United States v. Taylor*, 21 F.4th 94, 102 (3d Cir. 2021)). Accordingly, the Government's motion in limine is GRANTED. Neither Defendant, nor standby counsel, may introduce evidence related to the sovereign citizen ideology, invoke the UCC or maritime law, and shall not introduce

---

[1] The Court notes that this evidence may also be introduced pursuant to Rule 609 if Defendant takes testifies in his own defense, or as substantive evidence to prove an element of the two felon in possession charges if Defendant does not stipulate to his felon status.

evidence solely related to the sovereign citizen ideology such as filings with the Secretary of State's office or apostils.

Lastly, the Government seeks to prohibit Defendant from cross-examining two law enforcement witnesses concerning disciplinary or criminal investigations unrelated to Defendant's case. ECF No. 327. Because the underlying investigations have no bearing on the witnesses' character for truthfulness and are unrelated to their limited roles in this case, the Government's motion in limine is GRANTED. *See United States v. Alston*, 626 F.3d 397, 404 (8th Cir. 2010). Neither Defendant, nor standby counsel, may cross examine the two law enforcement witnesses identified in the Government's motion about any disciplinary action or investigations into their on-duty conduct.

## II. The Government's motion for leave to call a witness in installments is granted.

The Government seeks leave to call Special Agent James Payne in installments. ECF No. 325. The Government intends to call Agent Payne in both his capacity as an investigator and his capacity as an interstate nexus expert. Here, allowing Agent Payne to testify in installments will "make the interrogation and presentation effective for the ascertainment of truth." *United States v. Puckett*, 147 F.3d 765, 770 (8th Cir. 1998) (holding that a witness may testify in installments on different subject matter so long as there is an opportunity to cross-examine). Accordingly, the Government's motion is GRANTED.

**IT IS SO ORDERED.**

Date:  January 9, 2025  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT