IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-00265-CR-W-DGK |
| | ) | |
| DAVON R. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL

On January 16, 2025, a jury found Defendant Davon R. Williams guilty of various drug and firearm offenses. *See* ECF No. 355. On July 24, 2025, the Court entered its final judgment and sentenced Defendant to 420 months' imprisonment. ECF No. 441.

Now before the Court is Defendant's motion for an extension of time to file a notice of appeal. ECF No. 452. For the reasons stated below, the motion is GRANTED.

## Background

On October 28, 2022, Defendant was indicted for various drug and firearm offenses. ECF No. 47. Defendant opted to proceed pro se at trial, with his court-appointed attorney, Jonathan Bailey, acting as standby counsel. A jury convicted him on all counts. ECF No. 355.

Defendant continued to represent himself at sentencing on July 23, 2025. ECF No. 439. Defendant indicated at the sentencing hearing that he intended to appeal the case. Before it entered its final judgment that day, the Court realized it had made a mistake in its oral pronouncement on the sentences for two of the counts. *See* ECF No. 440. So on July 24, 2025, the Court entered its final judgment with the corrected sentence of 420 months' imprisonment. ECF No. 441.

Under Federal Rule of Appellate Procedure 4(b), the entry of judgment gave Defendant

until August 7, 2025, to file his notice of appeal. Defendant mailed his pro se notice of appeal to the Court with a postmark date of August 26, 2025. ECF No. 446 at 2. On September 2, 2025, the Eighth Circuit found Defendant's appeal untimely and told him this Court needed to grant him leave if he wished to continue his appeal. ECF No. 449. Mr. Bailey was then appointed to represent Defendant on his appeal before the Eighth Circuit, and Mr. Bailey promptly filed a motion for leave to file his notice of appeal out of time. ECF No. 452.

## Discussion

Defendant was required to file his notice of appeal by August 7, 2025, which was fourteen days after the Court's entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). But this deadline is not without exception: "Upon a finding of excusable neglect or good cause, the district court may…extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). The Eighth Circuit has observed that "excusable neglect" is "an elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 959 (8th Cir. 2010) (internal quotation marks omitted). To determine whether Defendant has proven excusable neglect, the Court looks to "[1] the danger of prejudice to the [nonmovant], [2] the length of delay and its potential impact on the judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *See Pioneer Inv. Servs. Co v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Stutson v. United States*, 516 U.S. 193, 196–98 (1996) (applying *Pioneer*'s excusable neglect standard to criminal cases). This multi-factor determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's

2

omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

The Court holds that a weighing of the circumstances and factors supports granting an extension here. First, there does not appear to be any prejudice to the Government. On the other hand, there would be prejudice to Defendant because he appears to want to appeal his conviction and sentence. Second, the delay here is minimal, and it will have a limited impact on the proceedings. Defendant's counsel filed a motion for an extension of time a little over a week after Defendant filed his pro se notice of appeal. Thus, the appeal will be delayed only by the few weeks it took to resolve this issue. Third, the short delay in filing the notice of appeal appears to have been caused in part by the Bureau of Prisons moving Defendant after sentencing. And since Defendant indicated his intent to appeal at the sentencing hearing, the Court finds that his delay was excusable neglect. Fourth, Defendant's standby counsel acted in good faith by timely filing a motion to extend the deadline to appeal once the oversight was realized.

Because of the foregoing circumstances and factors, the Court GRANTS Defendant's motion. Defendant's notice of appeal must be filed within the time provided under Federal Rule of Appellate Procedure 4. *See United States v. Derges*, No. 25-1767, 2025 WL 1924383, at *1 (8th Cir. July 14, 2025); *United States v. Campbell*, 971 F.3d 772, 774 (8th Cir. 2020); *United States v. Starks*, 840 F.3d 960, 961 (8th Cir. 2016); *United States v. Echols*, 252 F. App'x 110 (8th Cir. 2007).

**IT IS SO ORDERED.**

Date: <u>September 8, 2025</u>  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT